# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **LLOYD COX** | **CIVIL ACTION NO. 08-878-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN VENETIA MICHAEL** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Lloyd Cox ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 18, 2008. Plaintiff is incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana, and he claims his civil rights were violated by prison officials. He names Warden Venetia Michael, Dr. Hearn, Colt Palmer, Mrs. Dorothy, and Nurse Wheeler as defendants.

Plaintiff claims that in November 2006, he was diagnosed at LSUHSC Sleep Disorder Clinic with severe obstructive sleep apnea syndrome. He claims that in April 2007, he was given a CPAP breathing machine to treat his condition. He claims he was unable to tolerate the machine because it did not have an inline humidifier.

Plaintiff claims that in July 2007, he was examined at LSUHSC Sleep Disorder Clinic by Dr. McCarty.  He claims Dr. McCarty determined that his CPAP breathing machine and inline humidifier were medical necessities.

Plaintiff claims months passed and he still did not have an in-line humidifier for his CPAP breathing machine.  He claims that after several appointments with Dr. McCarty, he became concerned because he had not been given the proper treatment and his condition had worsened.  He claims that on January 30, 2008, Dr. McCarty wrote Dr. Hearn and Cole Palmer and informed them of the severity of his condition and the need for an in-line humidifier.

Plaintiff claims Dr. Hearn ignored the diagnosis of the Dr. McCarty and refused to provide him with an in-line humidifier for his CPAP machine.  Plaintiff claims Nurse Colt Palmer failed to order Dr. Hearn to comply with the treatment plan recommended by Dr. McCarty and failed to provide him with the prescribed treatment.  Plaintiff claims Nurse Dorothy and Mrs. Wheeler refused to give him his evening medication.

Plaintiff claims his condition causes tremendous suffering.  Plaintiff claims the loss of sleep has caused him to have memory problems, swelling in his nasal area which results in severe pain, nervousness, stress, fatigue, and bloody drainage, weight problems, headaches, and shortness of breath.  He further claims he has an irregular heartbeat which has increased his risk of death.  He claims that he has also suffered a number of infections.

Plaintiff admits that he has had a CPAP machine since April 2007 which he uses

every night.  He further admits he was provided with nasal spray on October 25, 2008.

Accordingly, Plaintiff seeks to have Dr. Hearn and Colt Palmer terminated, to receive proper medical treatment, and monetary compensation.  For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement

with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits he was provided a CPAP machine for his condition and nasal spray. However, he disagrees with the medical treatment he received. He claims he should have been given an in-line humidifier and nasal spray and gel as prescribed by a specialist at LSU Medical Center. In Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir.1999), the Fifth Circuit found that the failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference. Rather, it indicated that the doctors had differing opinions as to the appropriate method of treatment under the circumstances. Therefore, the medical staff at Forcht Wade Correctional Center was under no obligation to follow the recommendations of the non-prison physician.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992). Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C.

§ 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d

1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 23 day

of August 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE